1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARREN GILBERT,                          Case No.  1:22-cv-00481-JLT-HBK

12                    Plaintiff,               ORDER TO SHOW CAUSE[1]

13          v.                                 14 DAY DEADLINE

14    ABDO M. ALSAMIRI; TALAL A.
      OBAID, dba Obaid Smoke Shop Plus,
15
                      Defendants.
16

17
            Pending before the Court is Plaintiff's motion for default judgment filed December 19,
18
      2022 (Doc. No. 9).  Plaintiff Darren Gilbert commenced this action by filing a complaint against
19
      Defendants Abdo M. Alsamiri and Talal A. Obaid, doing business as Obaid Smoke Shop Plus
20
      (collectively "Defendants") alleging violations of Title III of the Americans with Disabilities Act
21
      ("ADA"), 42 U.S.C. §§ 12101 *et seq* (Count I); the California Unruh Act, California Civil Code §
22
      51 *et seq.*  (Count II); and California Health & Safety Code §§ 19955, 19959 (Count III) on April
23
      24, 2022.  (Doc. No. 1, "Complaint").  Plaintiff seeks an award of statutory damages, costs of
24
      suit, attorney's fees, litigation expenses, declaratory relief, injunctive or preventative relief, and
25
      interest at the legal rate from the date of filing of the Complaint.  (*Id.* at 8).  Plaintiff noting this
26

27      _____
        [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
28      302(c)(19).

1   Court has original jurisdiction over the ADA claims seeks to have this Court exercise

2   supplemental jurisdiction over Plaintiff's state law Unruh Act Claim and the California Health &

3   Safety Code claim.  (*Id*. at 2).

4        A district court presiding over a civil action in which it has original jurisdiction "shall

5   have supplemental jurisdiction over all other claims that are so related to claims in the action

6   within such original jurisdiction that they form part of the same case or controversy under Article

7   II of the United States Constitution."  28 U.S.C. § 1367(a).  Nonetheless, a district court may

8   decline to exercise supplemental jurisdiction over a claim if:

9        (1) the claim raises a novel or complex issue of State law,

10       (2) the claim substantially predominates over the claim or claims
11          over which the district court has original jurisdiction,

12       (3) the district court has dismissed all claims over which it has
         original jurisdiction, or

13       (4) in exceptional circumstances, there are other compelling reasons
14          for declining jurisdiction.

15  28 U.S.C. § 1367(c).

16       The Ninth Circuit recently upheld a district court's finding of "extraordinary

17  circumstances" and "compelling reasons" to decline supplemental jurisdiction under the Unruh

18  Act over accessibility related discrimination claims for high frequency litigators.  *See Vo v. Choi*,

19  49 F. 4th 1167, 1174 (9th Cir. 2022); *see also Arroyo, Jr. v. Rosas*, 19 F.4th 1202, 1206 (9th Cir.

20  2021) (finding "extraordinary circumstances").  Significant to the courts' decisions were the

21  additional filing and heightened pleading requirements California law imposes on high frequency

22  litigators.[2]  *Vo*, 49 F. 4th at 1172-74; *Arroyo*, 19 F. 4 1211-14.  Considering *Vo*, Plaintiff shall

23  show cause why the undersigned should recommend the district court exercise supplemental

24  jurisdiction over Plaintiff's Unruh Act claim (Claim II).

25       The same additional filing and heightened pleading requirements are not limited to claims

26  

27  [2] Cal. Civ. Proc. Code § 425.55(b)(1) defines "high frequency litigators" as persons who have filed 10 or
more complaints alleging construction related accessibility violation in the 12-month period preceding the
filing of the instant action).  The definition also extends to attorneys.  *Id*. § 425.55(b)(2).

28

under the Unruh Act but also apply to other statutes for "construction-related accessibility claims." *Arroyo*, 19 F.4th at 1206; *see also* Cal. Proc. Civ. Code § 425.50(a); Cal. Civ. Code § 55.2. A "construction-related accessibility standard" means "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to people with disability, including, but not limited to, any provision, standard, or regulation set forth in [Cal. Civ. Code §] 51 . . . [Cal. Health and Safety Code §] 19955.5 . . . the federal [ADA] . . .." Cal. Civ. Code. § 55.52 (a)(6). Both §§ 19955 and 19959 were enacted to safeguard that certain facilities are accessible to disabled individuals and § 19955.5 is expressly included as subject to the "construction-related accessibility standard." Thus, because these same filing and pleading requirements apply to Plaintiff's Health and Safety Code claim, Plaintiff shall show cause why the undersigned should recommend the district court exercise supplemental jurisdiction over Plaintiff's Health and Safety Code claim (Count III).

Accordingly, it is **ORDERED**:

1. Plaintiff shall show cause in writing, no later than **fourteen (14) days** from the date of this Order, why the undersigned should recommend the district court exercise supplemental jurisdiction over Plaintiff's Unruh Act Claim (Claim II) and Health and Safety Code claim (Count III).

2. Plaintiff shall include with his response declarations from both Plaintiff and Plaintiff's counsel, signed under penalty of perjury, which include all facts necessary for the Court to determine whether each is "high frequency litigant."

3. Plaintiff's failure to respond to the Order shall be deemed a non-opposition to the undersigned recommending the district court decline to exercise supplemental jurisdiction over Plaintiff's related state law claims.

Dated:   __March 13, 2023__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28