UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>          Plaintiff,<br><br>     v.<br><br>ABDO M. ALSAMIRI and TALAL A. OBAID, dba Obaid Smoke Shop Plus,<br><br>          Defendants. | Case No. 1:22-cv-00481-JLT-HBK<br><br>FINDINGS AND RECOMMENDATION TO DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH ACT AND HEALTH AND SAFETY CODE CLAIMS<br><br>FOURTEEN-DAY OBJECTION PERIOD |

On April 24, 2022, Plaintiff Darren Gilbert commenced this action by filing a complaint against Defendants Abdo M. Alsamiri and Talal A. Obaid, doing business as Obaid Smoke Shop Plus (collectively "Defendants"), alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq* (Count I); the California Unruh Act, California Civil Code § 51 *et seq.* (Count II); and California Health & Safety Code §§ 19955, 19959 (Count III). (Doc. No. 1, "Complaint"). Plaintiff seeks an award of statutory damages, costs of suit, attorney's fees, litigation expenses, injunctive or preventative relief, and interest at the legal rate from the date of filing of the Complaint. (*Id.* At 8). Plaintiff, noting this Court has original jurisdiction over the ADA claims, seeks to have this Court exercise supplemental jurisdiction over Plaintiff's state law Unruh Act Claim and the California Health & Safety Code claim. (*Id.* at 2).

On December 19, 2022, Plaintiff filed a motion for default judgment. (Doc. No. 9). On March 13, 2023, the undersigned ordered Plaintiff to show cause, within fourteen days, why the undersigned should recommend the district court exercise supplemental jurisdiction over Plaintiff's Unruh Act Claim (Count II) and Health and Safety Code claim (Count III). (Doc. No. 11). Plaintiff was also ordered to include with his response declarations from both Plaintiff and Plaintiff's counsel, signed under the penalty of perjury, that include all facts necessary for the Court to determine whether each is a "high frequency litigant." (*Id*.). The undersigned warned Plaintiff that a failure to respond to the March 13, 2023 Order would be deemed a non-opposition to the undersigned recommending the district court decline to exercise supplemental jurisdiction over Plaintiff's related state law claims. (*Id*.). Plaintiff filed no response to the Court's March 13, 2023 Order to Show Cause and the time to do so has expired. *See* docket. For the reasons set forth below, the undersigned recommends the District Judge decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act and Health and Safety Code claims.

**APPLICABLE LAW**

A district court presiding over a civil action in which it has original jurisdiction "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution." 28 U.S.C. § 1367(a). Nonetheless, a district court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

"[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996). A district court conducts a two-part inquiry when

2

evaluating whether to exercise supplemental jurisdiction under § 1367(c)(4). *Arroyo Jr. v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021). First, the court "must 'articulate why the circumstances of the case are exceptional' within the meaning of § 1367(c)(4)." *Id*. (quoting *Executive Software N. Arm., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1558 (9th Cir. 1994)) (other citation omitted). Second, the court must provide compelling reasons to decline jurisdiction by weighing the principles of judicial economy, convenience, fairness, and comity, "'which underlie the pendent jurisdiction doctrine' articulated in [*United Mine Workers v.*] *Gibbs*." *Id*. (quoting *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997)) (citing *Acri v. Varian Assocs., Inc.*, 144 F.3d 999, 1001 (9th Cir. 1997) (en banc) (referring to these four factors as the "*Gibbs* values.")). Courts only need to "'articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provides compelling reasons for declining jurisdiction in such circumstances.'" *Id*. at 1211 (quoting *Executive Software*, 24 F.3d at 1558) (bracket omitted).

   The Ninth Circuit affirmed a district court's finding of "extraordinary circumstances" and "compelling reasons" to decline supplemental jurisdiction under the Unruh Act over accessibility related discrimination claims for high frequency litigators. *See Vo v. Choi*, 49 F. 4th 1167, 1174 (9th Cir. 2022); *see also Arroyo*, 19 F.4th at 1206 (finding "extraordinary circumstances"). Significant to the courts' decisions were the additional filing and heightened pleading requirements California law imposes on high frequency litigators. *Vo*, 49 F. 4th at 1172-74; *Arroyo*, 19 F. 4 1211-14.

   The same additional filing and heightened pleading requirements are not limited to claims under the Unruh Act but also apply to other statutes for "construction-related accessibility claims." *Arroyo*, 19 F.4th at 1206; *see also* Cal. Proc. Civ. Code § 425.50(a); Cal. Civ. Code § 55.2. A "construction-related accessibility standard" means "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to people with disability, including, but not limited to, any provision, standard, or regulation set forth in [Cal. Civ. Code §] 51 . . . [Cal. Health and Safety Code §] 19955.5 . . . the federal [ADA] . . .." Cal. Civ. Code. § 55.52 (a)(6). Both §§ 19955 and 19959

3

were enacted to safeguard that certain facilities are accessible to disabled individuals and § 19955.5 is expressly included as subject to the "construction-related accessibility standard."

**ANALYSIS**

Here, the first prong of the two-part § 1367(c) inquiry is satisfied because exceptional circumstances exist. *Supra*, the Ninth Circuit already acknowledged that California's heightened pleading requirements imposed on high frequency litigants who allege construction-related accessibility violations satisfies exceptional circumstances. *See Vo*, 49 F. 4th at 1172-74; *Arroyo*, 19 F. 4 1211-14. A high frequency litigant subject to the heightened pleading requirements is defined under California law as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(2). The definition also extends to attorneys. *Id*. § 425.55(b)(2).

As noted, Plaintiff did not respond to the Court's March 13, 2023 Order to Show Cause. However, the Court takes judicial notice[1] of the other construction-related accessibility actions filed by Plaintiff in this Court to find Plaintiff meets the definition of a high frequency litigant under California law. Plaintiff commenced this action on April 24, 2022. (Doc. No. 1). A review of this Court's case management electronic case filing system (CM/ECF) for the twelve months preceding Plaintiff's commencement of this action reveals Plaintiff filed more than 10 complaints in this district alone alleging a construction-related accessibility violation. *See* (1) *Gilbert v. C. W. Brower, Inc.*, Case No. 1:21-cv-00799-DAD-SKO (E.D. Cal. May 14, 2021); (2) *Gilbert v. Daniel*, Case No. 1:21-cv-00862-DAD-BAM (E.D. Cal. May 27, 2021); (3) *Gilbert v. Mancyga Commercial, LLC*, Case No. 1:21-cv-00863-DAD-EPG (E.D. Cal. May 28, 2021); (4)

---

[1] Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice of a pertinent law or regulations at any stage of the proceedings. *Id.*; *see also National Agricultural Chemicals Assn. v. Rominger*, 500 F.Supp. 465, 472 (E.D. Cal. 1980). The Court may take judicial notice on its own or at the request of any party. *Id.* at 201(c).

1   *Gilbert v. C. W. Brower, Inc.*, Case No. 1:21-cv-00866-DAD-HBK (E.D. Cal. May 28, 2021); (5)
2   *Gilbert v. Dollar Tree Stores, Inc.*, Case No. 1:21-cv-01042-DAD-BAM (E.D. Cal. July 1, 2021);
3   (6) *Gilbert v. Asumari*, Case No. 1: 21-cv-01067-BAM (E.D. Cal. July 7, 2021); (7) *Gilbert v.*
4   *Nitaira*, Case No. 1:21-cv-01216-HBK (E.D. Cal. Aug 11, 2021); (8) *Gilbert v. Next Level Parts,*
5   *Inc.*, Case No. 1:21-cv-01301-DAD-SKO (E.D. Cal. Aug. 27, 2021); (9) *Gilbert v. Abdulqawi*,
6   Case No. 1:21-cv-01304-AWI-SAB (E.D. Cal. Aug. 27, 2021); (10) *Gilbert v. Rashid*, Case No.
7   1:21-cv-01328-JLT-HBK (E.D. Cal. Sept. 2, 2021); (11) *Gilbert v. Muthana*, Case No. 1:21-cv-
8   01333-JLT-SKO (E.D. Cal. Sept. 2, 2021); (12) *Gilbert v. Balahi*, Case No. 1:21-cv-01334-ADA-
9   BAM (E.D. Cal. Sept. 3, 2021); (13) *Gilbert v. Singh*, Case No. 1:21-cv-01338-AWI-HBK (E.D.
10  Cal. Sept. 3, 2021); (14) *Gilbert v. HBA Enterprises, Inc.*, Case No. 1:21-cv-01358-JLT-HBK
11  (E.D. Cal. Sept. 10, 2021); (15) *Gilbert v. K & R Beer & Wine LLC*, Case No. 1:21-cv-01360-
12  DAD-BAM (E.D. Cal. Sept. 10, 2021); (16) *Gilbert v. Harbor Freight Tools USA, Inc.*, Case No.
13  1:21-cv-01363-AWI-SKO (E.D. Cal. Sept. 10, 2021); (17) *Gilbert v. Shahi Associates*
14  *Incorporated*, Case No. 1:21-cv-01375-ADA-SAB (E.D. Cal. Sept. 14, 2021); (18) *Gilbert v.*
15  *Essmail*, Case No. 1:21-cv-01376-JLT-BAM (E.D. Cal. Sept. 14, 2021); (19) *Gilbert v. Rangel*
16  *Insurance Agency, Inc.*, Case No. 1:21-cv-01500-JLT-SKO (E.D. Cal. Oct. 8, 2021); and (20)
17  *Gilbert v. Liquor Lord Inc.*, Case No. 1:21-cv-01546-DAD-SKO (E.D. Cal. Oct. 10, 2021).
18       If this Court was to exercise supplemental jurisdiction over Plaintiff's Unruh Act and
19  Health and Safety Code Claims, it would permit Plaintiff to circumvent the requirements
20  California established for high frequency litigants and subvert California's policy interests. Such
21  circumstances are exceptional and satisfies the first prong of the two-part inquiry. *See Gilbert v.*
22  *Bola*, 2023 WL 1931013, at *3 (E.D. Cal. Feb. 10, 2023) (recommending first prong of the two-
23  part inquiry met because plaintiff was a high frequency litigant and permitting him to proceed on
24  his Unruh Act claim undermines California's policy interests), *findings and recommendation*
25  *adopted by* 2023 WL 2392824 (E.D. Cal. Mar 7, 2023).
26       Turning to the second prong of the two-part inquiry, the undersigned finds there are
27  compelling reasons to decline supplemental jurisdiction over Plaintiff's claims. Neither fairness
28  nor comity would be served if Plaintiff is permitted to proceed on his Unruh Act and Health and

1  Safety Code Claims. *Arroyo*, 19 F.4th at 1213-14 (finding that California's policy goals were not
2  accomplished because of the shift of ADA-based Unruh Act cases to federal court and "the
3  procedural strictures that California put in place have been rendered largely toothless, because
4  they can now be readily evaded."). California has expressed a "desire to limit the financial
5  burdens California's businesses may face from claims for statutory damages" under these state
6  related statutes. *Id*. at 1206-07, 09 (internal quotation marks omitted). It is not fair to permit
7  Plaintiff to evade these state-imposed limitations and pursue state remedies in federal court.
8  Essentially, if the Court exercises supplemental jurisdiction over Plaintiff's state-related claims, it
9  permits Plaintiff to use the federal courts as an "escape hatch" to avoid California's heightened
10 pleading requirements. Such an action constitutes an affront to comity. *See Vo*, 49 F.4th at 1169,
11 1171-73. Further, allowing Plaintiff to have his state-related claims heard by this Court and
12 escape the special procedural requirements imposed by California on high frequency litigants,
13 places an additional strain on this already over-burdened Court. As noted by the Central District,
14 federal courts have now become the preference for high frequency litigants due to the federal
15 courts failure to enforce California's procedural limitations. *See generally Garibay v. Rodriguez*,
16 2019 WL 5204294, at *4 (C.D. Cal. 2019) (noting 9x increase in construction related accessibility
17 actions in the Central District in 2019 compared with 2013). And Plaintiff suffers no prejudice
18 from the dismissal of his state-law claims because he may seek his state-related remedy in state
19 court. *Id*. Thus, the *Gibbs* values of comity and fairness weigh in favor of this Court declining to
20 exercise supplemental jurisdiction satisfying the second prong of the two-step analysis.

21      Finally, declining jurisdiction is consistent with other courts within this Circuit who have
22 declined to exercise supplemental jurisdiction over a plaintiff's Unruh Act and Health and Safety
23 Code claims with similar circumstances. *See Gilbert v. Doctor's Choice Modesto LLC*, 2023 WL
24 3045801 (E.D. Cal. Apr. 21, 2023); *Gilbert v. Bola*, 2023 WL 2392824 (E.D. Cal. Mar. 7, 2023);
25 *Gilbert v. Bonfare Markets, Inc.*, 2023 WL 2392850 (E.D. Cal. Mar. 7, 2023); *Gilbert v. Dabb*
26 *Liquor Incorporated*, 2023 WL 3304147 (E.D. Cal. May 8, 2023); *Gilbert v. Hensel Phelps*
27 *Const. Co.*, 2003 WL 22384773 (N.D. Cal. Sept. 30, 2003); *Schutza v. Cuddeback*, 262 F.Supp.3d
28 1025 (S.D. Cal. Apr. 10, 2017); *Mason v. Clark Street Bread, LLC*, 2022 WL 20273629 (C.D.

Cal. Nov. 29, 2022). And although Plaintiff obtained a clerk's entry of default against Defendants, the Court has not ruled on the merits of Plaintiff's motion for default judgment. *See Arroyo*, 19 F.4th at 1208, 1214 (finding *Gibbs* values did not support declining supplemental jurisdiction when case was at later procedural stage after court granted plaintiff summary judgment but declined to exercise supplemental jurisdiction). Notably, Plaintiff presents no argument to warrant the district court exercising supplemental jurisdiction, and indeed his silence to the Order to Show Cause is properly deemed a non-opposition to the district court declining supplemental jurisdiction. (*See* Doc. No. 11 at 3 ¶ 3) (expressly stating "Plaintiff's failure to respond to the Order shall be deemed a non-opposition to the undersigned recommending the district court decline to exercise supplemental jurisdiction over Plaintiff's related state law claims.").

## FINDINGS AND RECOMMENDATION

In conclusion, based on the above, the undersigned finds the two-part inquiry under § 1367(c)(4) is satisfied. The first prong of the two-part inquiry is met because there are exceptional circumstances that warrant the Court to decline to exercise supplemental jurisdiction, namely preventing Plaintiff, a high frequency litigant, from avoiding California's requirements imposed on high frequency litigants and preserving California's policy interests. The second prong of the two-part inquiry is met because there are compelling reasons to decline to exercise supplemental jurisdiction: the *Gibbs* values of fairness and comity weigh in favor of declining supplemental jurisdiction; and this decision to decline supplemental jurisdiction is being made before the Court addresses the merits of Plaintiff's case.

Accordingly, it is **RECOMMENDED**:

1. The district court decline supplemental jurisdiction of Plaintiff's Unruh Act (Count II) and Health and Safety Code (Count III) claims,
2. The district court dismiss without prejudice Plaintiff's Unruh Act (Count II) and Health and Safety Code (Count III) claims.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14)

7

days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 15, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE