UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DARREN GILBERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ABDO M. ALSAMIRI and TALAL A. OBAID, dba Obaid Smoke Shop Plus,<br><br>　　　　Defendants. | Case No.  1:22-cv-0481 JLT HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IN PART, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 9, 14) |
|---|---|

Darren Gilbert seeks default judgment against Abdo M. Alsamiri and Talal A. Obaid, doing business as Obaid Smoke Shop Plus, violations of the Americans with Disabilities Act of the California Unruh Act, and California Health & Safety Code §§ 19955, 19959.  (Doc. 9.)

The magistrate judge recommended Plaintiff's motion for default judgment be granted in part. (Doc. 14.)  The magistrate judge observed that after the filing of the pending motion, the Court declined to exercise supplemental jurisdiction over the claims arising under California law and dismissing the claims without prejudice.  (*Id.* at 7, 9-10; *see also* Doc. 13.)  Therefore, the magistrate judge recommended default judgment be denied as to the claims under the Unruh Act and Cal. Health & Safety Code §§ 19955, 19959.  (*Id.* at 12.)  However, the magistrate judge found default judgment was appropriate for Plaintiff's claim arising under the ADA, and Plaintiff was entitled to the requested injunctive relief.  (*Id.* at 5-9.)  The magistrate judge recommended the motion be granted as to the ADA claim, and Defendant be directed "to properly configure a

van-accessible parking stall at the Facility with an access aisle at least be 96 inches wide with 96-inch access aisle or 132 inches wide with 60-inch access aisle as required by 2010 ADAAG §§ 502.2, 502.3." (*Id.* at 12.)  In addition, the magistrate judge recommended Plaintiff be awarded attorneys fees in the amount of 1,957.50 and litigation expenses and costs in the amount of $1,025.78, for a total of $2,983.28.  (*Id.* at 11, 12.)

The Findings and Recommendations were served on Plaintiff on September 11, 2023, and Plaintiff mailed a copy to Defendants on the same date.  (Doc. 15.)  The Court informed the parties that any objections must be filed within 14 days of the date of serve.  (Doc. 14 at 12.)  In addition, the parties were informed "the failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014), *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)  No objections were filed, and the time to do so has expired.

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case.  Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendation filed on September 11, 2023 (Doc. 14) are **ADOPTED** in full.
2. Plaintiff's motion for default judgment (Doc. 9) is **GRANTED IN PART**.
3. Judgment **SHALL** be entered in favor of Plaintiff and against Defendants.
4. Plaintiff's request for statutory damages under California's Unruh Act is **DENIED**.
5. Plaintiff's request for fees, costs, and expenses is **GRANTED** in the total amount of $2,983.28.
6. Plaintiff's request for injunctive relief under the ADA is **GRANTED**.
7. Within sixty days, Defendants **SHALL** properly configure a van-accessible parking stall at the Facility with an access aisle at least be 96 inches wide with 96-inch access aisle, or 132 inches wide with 60-inch access aisle, as required by


2010 ADAAG §§ 502.2, 502.3.

8. The Clerk of Court shall terminate any pending motions and close this case.

IT IS SO ORDERED.

Dated: **September 27, 2023**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE